FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

NOV 1 9 2024

MITCHELL R. ELFERS
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CRIMINAL NO. 24-01493 MLG |
| vs. | ) Count 1: 18 U.S.C. § 371: Conspiracy; |
| **LUPE VARGAS, a.k.a. "Loks,"** **EDWARD VALLEZ, a.k.a. "Dopey,"** **MONALISA VARGAS,** **MICHAEL GARCIA**, and **THERESA ATENCIO,** | ) Count 2: 18 U.S.C. §§ 1791(a)(1), (b)(1), (b)(4): Attempt to Provide a Prohibited Object to an Inmate of a Prison; 18 U.S.C. § 2: Aiding and Abetting; |
| Defendants. | ) Count 3: 18 U.S.C. §§ 1791(a)(2), (b)(1), (b)(4): Attempt by an Inmate of a Prison to Obtain a Prohibited Object; 18 U.S.C. § 2: Aiding and Abetting. |

S U P E R S E D I N G  I N D I C T M E N T

The Grand Jury charges:

General Allegations

1.      At all times material to this Indictment, the Cibola County Correctional Center, located in Cibola County, New Mexico, was a "prison" within the meaning of 18 U.S.C. § 1791(d)(4), in that Cibola County Correctional Center was a facility in which persons were held in custody by direction of and pursuant to a contract and agreement with the United States Marshals Service, which reports to and is under the control of the Attorney General of the United States.

2.      At all times material to this Indictment, **LUPE VARGAS** was an inmate of Cibola County Correctional Center held in custody by direction of and pursuant to a contract and agreement with the United States Marshals Service.

3. At all times material to this Indictment, **EDWARD VALLEZ** was an inmate of Cibola County Correctional Center held in custody by direction of and pursuant to a contract and agreement with the United States Marshals Service.

4. Heroin and buprenorphine are narcotic drugs under the Controlled Substances Act, 21 U.S.C. § 812.

5. Narcotic drugs are "prohibited objects" within the meaning of 18 U.S.C. § 1791(d)(1)(C), which an inmate of a prison may not lawfully obtain, attempt to obtain, and possess.

6. Telephones and other devices used by a user of commercial mobile service are "prohibited objects" within the meaning of 18 U.S.C. § 1791(d)(1)(F), which an inmate of a prison may not lawfully obtain, attempt to obtain, and possess.

## Count 1

7. The General Allegations set forth in paragraphs 1 through 6 are incorporated herein.

8. From on or about August 9, 2024, and continuing to on or about August 10, 2024, in Cibola County, in the District of New Mexico, and elsewhere, the defendants, **LUPE VARGAS, EDWARD VALLEZ, MONALISA VARGAS, MICHAEL GARCIA**, and **THERESA ATENCIO**, knowingly, unlawfully and willfully combined, conspired, confederated, agreed, and acted interdependently with one another and with others unknown to the Grand Jury to provide a prohibited object to a prisoner, contrary to 18 U.S.C. § 1791(a)(1).

*Overt Acts*

9. As part of and in furtherance of the conspiracy, the following overt acts, among others, were committed in the District of New Mexico, and elsewhere:

   a. On a date unknown, but no later than August 9, 2024, defendant **THERESA ATENCIO** purchased an iPhone with the knowledge that other persons would provide it to defendant **EDWARD VALLEZ**.

   b. On or about August 9, 2024, defendants **MONALISA VARGAS** and **MICHAEL GARCIA** placed heroin, buprenorphine, and mobile telephones in a package.

   c. On or about August 10, 2024, defendants **MONALISA VARGAS** and **MICHAEL GARCIA** traveled to a parking lot adjacent to the Cibola County Correctional Center, for purposes of throwing the package containing the narcotic drugs and mobile telephones over the fence of the Cibola County Correctional Center where **LUPE VARGAS** and **EDWARD VALLEZ** were to receive the prohibited objects for themselves and other inmates of that prison.

   d. On or about August 10, 2024, defendants **MONALISA VARGAS** and **MICHAEL GARCIA** engaged in a series of recorded telephone calls with defendants **LUPE VARGAS** and **EDWARD VALLEZ** in which they agreed, coordinated, and planned to throw the package containing the narcotic drugs and mobile telephones over a fence into the Cibola County Correctional Center.

   e. On or about August 10, 2024, defendants **MONALISA VARGAS** and **MICHAEL GARCIA** threw the package containing narcotic drugs and mobile

telephones over a fence into the Cibola County Correctional Center where **LUPE VARGAS** and **EDWARD VALLEZ** were to receive the prohibited objects for themselves and other inmates of that prison. However, the defendants' plan went awry, and the package and the narcotic drugs and mobile telephones therein were discovered and seized by corrections officers.

In violation of 18 U.S.C. § 371.

## Count 2

10. The General Allegations set forth in paragraphs 1 through 6 are incorporated herein.

11. On or about August 10, 2024, in Cibola County, in the District of New Mexico, the defendants, **MONALISA VARGAS** and **MICHAEL GARCIA**, knowingly attempted to provide a prohibited object, that is, heroin, buprenorphine, and mobile telephones, to an inmate of the Cibola County Correctional Center, a prison in which persons were held in custody by direction of and pursuant to a contract and agreement with the United States Marshals Service, which reports to and is under the control of the Attorney General of the United States.

In violation of 18 U.S.C. §§ 1791(a)(1), (b)(1), (b)(4) and 2.

## Count 3

12. The General Allegations set forth in paragraphs 1 through 6 are incorporated herein.

13. On or about August 10, 2024, in Cibola County, in the District of New Mexico, the defendants, **LUPE VARGAS** and **EDWARD VALLEZ**, being inmates of the Cibola

County Correctional Center, a prison in which persons were held in custody by direction of and pursuant to a contract and agreement with the United States Marshals Service, which reports to and is under the control of the Attorney General of the United States, knowingly attempted to obtain a prohibited object, that is, heroin, buprenorphine, and mobile telephones.

In violation of 18 U.S.C. §§ 1791(a)(2), (b)(1), (b)(4) and 2.

A TRUE BILL:

/S/
FOREPERSON OF THE GRAND JURY

Zach Jones
Assistant United States Attorney