

# PRETRIAL DEADLINES AND PROCEDURES FOR CRIMINAL CASES BEFORE JUDGE MATTHEW L. GARCIA

In calendaring the deadlines below, Counsel should compute the time in accordance with Federal Rule of Criminal Procedure 45 – Computing and Extending Time.

### A.     45 days prior to trial

1. Disclosure of any opinion/expert testimony pursuant to Fed. R. Evid. 702 and any evidence that may be offered pursuant to Fed. R. Evid. Rule 404(b).
    a. The notice "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualification." Fed. R. Crim. Proc. 16(a)(1)(G). Vague descriptions of the expected testimony are insufficient.
    b. With regard to any disclosure under this section, counsel must submit a filing describing (1) a summary of the expected testimony; (2) the witness who will offer the opinion; and (3) the date and manner in which the opinion was disclosed to opposing counsel.
    c. Rule 404(b) notice must "articulate … the permitted purpose for which the prosecutor intended to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).
2. Disclosure of impeachment evidence pursuant to Fed. R. Evid. 609.

### B.     30 days prior to trial

1. All pre-trial motions including Daubert motions.

2. Motions to continue. All motions to must state the specific grounds for the motion in accordance with 18 U.S.C. § 3161(h)(7) and *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009). **Motions to Continue filed after the Court's deadline or without stating the necessary legal grounds will be summarily denied.** Counsel shall specify the number of motions to continue that have been filed in the underlying case and shall specify the facts and circumstances giving rise to a continuance of trial setting. If the case is a multiple defendant case, counsel must state in the motion each defendant's position on the motion, and preferably file a joint motion to continue. The moving party should submit a proposed order as part of their request. Those drafts should be e-mailed to garciaproposedtext@nmd.uscourts.gov.

### C.     21 days prior to trial

1. Proposed jury instructions. A compiled version of jury instructions shall be filed,

    indicating which instructions are in dispute. The joint proposed jury instructions must be e-mailed to garciaproposedtext@nmd.uscourts.gov in an electronic version in Microsoft Word. The joint proposed jury instructions must also be filed on the CM/ECF system with a cover page identifying the case caption and the title JOINT PROPOSED JURY INSTRUCTIONS. When there is a Tenth Circuit pattern jury instruction on point, barring extraordinary circumstances, that instruction shall be used.
- a. Agreed instructions. The parties are directed to confer and agree upon jury instructions to the extent possible prior to the submission of the jury instructions to the Court. Agreed proposed instructions should be marked as such and shall be numbered consecutively.
- b. Disputed instructions. Proposed instructions that are not agreed shall be numbered, shall identify the proponent of the instruction, and shall include supporting authority. Objections to any proposed instructions must be set forth in writing and shall include supporting authority.

All instructions—both those that are agreed upon and those for which there are disputes—shall be submitted to the Court in a single document. The government is responsible for timely submitting the instructions.

2. Motions in Limine. The Court encourages the parties to file motions in limine as soon as practicable. Responses to motions in limine are due within seven (7) days after the motion is filed. **Judge Garcia strongly discourages the filing of "boilerplate" motions *in limine* or motions that address matters not in dispute. Judge Garcia further discourages motions in limine that ask parties to comply with the Federal Rules of Evidence or the Federal Rules of Criminal Procedure**. Any motion *in limine* filed by a party must be accompanied by a statement that the party has conferred with the opposing party and has determined that the matter upon which a ruling is sought is actually in dispute. If the meet-and-confer process results in agreement that certain matters are inadmissible, that agreement should be memorialized in a stipulation filed with the Court.

3. Witness Lists. A list of names of all witnesses including experts: (a) who will be called; (b) who may be called; In a jury trial, this list will be read to the jury during voir dire. Any witness not listed will be precluded from testifying absent a showing of good cause, except that each party reserves the right to call such rebuttal witnesses (who are not presently identifiable as rebuttal witnesses) as may be necessary.

4. Exhibit Lists. A schedule of all exhibits a party may introduce at trial, as well as any demonstrative exhibits or evidence, identified by trial exhibit number, with a brief description of each exhibit. Any exhibit not listed will be excluded from evidence. Joint exhibits should be denominated "JX," plaintiff's exhibits, "PX" and defendant's exhibits, "DX." The exhibit number should follow thereafter (e.g. JX1, PX3, DX252, etc…).

5. Deposition Testimony. The parties shall file designations, and counter-designations, of deposition testimony that they intend to use at trial. The designations must state the pages and lines of the deposition to be used. If a deposition is used in part, counsel shall highlight the parts to be used, for opposing counsel and the Court. This does not

apply to cross-examination or rebuttal.

**D.**    **14 days prior to trial**

1. Objections to Witness Lists, Exhibit Lists, and Deposition Testimony must be filed.

2. The parties must confer about any disputes and notify the Court of any remaining disagreements in writing.

3. Counsel shall file a complete list of all objections to the exhibits offered, specifying the Rule(s) of Evidence or other legal authority upon which an objection is based. This includes objections based on foundation and authentication. Failure to meet this deadline will constitute a waiver of any objections.

**E.**    **Etiquette, Decorum, and Schedule**

1. Stand when you speak. Do not refer to any party or attorney by their first name. Always address the Court only; do not address or argue with opposing counsel in the presence of the jury. If counsel must confer with one another, please request permission of the Court for a moment to do so privately and quietly.

2. Speaking objections are not allowed. Any objection should be stated succinctly with reference to specific legal authority. The Court will then hear opposing counsel's response and make a ruling. If necessary, you may ask to approach the bench to discuss an objection.

3. It is imperative that counsel be on time. Counsel must be in the courtroom no later than 8:30 a.m. and be prepared to address any matter that requires a discussion outside the jury's presence.

4. A multi-day jury trial generally will recess at about 5:00 p.m. The Court generally will provide the jury and counsel with a morning and afternoon break of 15 minutes. The Court will also allow approximately an hour for lunch.

5. Three copies of all exhibits, both stipulated and disputed, should be submitted in separate binders to Judge Garcia's chambers on the first day of trial.

**F.**    **Pretrial Conference**

The Court will hold a pretrial conference to discuss trial plan, jury instructions, exhibits, motions in limine, and other pretrial matters. At that conference, Judge Garcia will address pending motions in limine, objections to witnesses and exhibits, and contested jury instructions, and will discuss trial procedures and scheduling. Lead trial counsel must attend and be fully prepared to discuss all aspects of the case.

Matthew L. Garcia
United States District Court Judge